UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL GARCIA,

        Plaintiff,

  v.

UNKNOWN,

        Defendants.

No. 2:14-cv-2266 JAM AC P

ORDER

Plaintiff, a state prisoner at Mule Creek State Prison, proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262. For the reasons set forth below, the court grants petitioner's application to proceed in forma pauperis but dismisses plaintiff's complaint with leave to amend. The court informs plaintiff of the requirements for stating cognizable claims against specifically identified defendants, and the factors for considering a request for appointment of counsel.

I.    In Forma Pauperis Application

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 6, will be granted.

///

1

Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Request for Appointment of Counsel

In various parts of the complaint, plaintiff appears to seek appointment of counsel. The exhibits to the complaint indicate that plaintiff is of advanced age with multiple health problems, including organic brain damage, lung tumors, diminished hearing and sight, and a learning disability. It appears that plaintiff had the assistance of another inmate in the preparation of his complaint. Although plaintiff has not formally requested appointment of counsel, he is presently informed of the factors considered by the court in reviewing such a request. As emphasized below, a threshold requirement for making such request is a complaint that states potentially cognizable claims for relief.

District courts lack authority to require an attorney to represent an indigent prisoner in a Section 1983 case. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist in a given case, the court must consider plaintiff's likelihood of success on the merits of his claims, as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

///

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the voluntary assistance of counsel.

A request for appointment of counsel should be clearly made in a separate document filed with the court, together with an amended complaint that states potentially meritorious claims against specific defendants. Plaintiff must also demonstrate how his own circumstances in pursuing this litigation are unique, when compared to the circumstances of other prisoners pursuing their own civil rights claims, and how his unique circumstances render it necessary to obtain the assistance of counsel in this action.

### III.  Screening of the Complaint

Plaintiff's original complaint, filed September 29, 2014, makes various allegations but identifies no defendant by name. The following guidance informs plaintiff of the requirements for setting forth, in an amended complaint, all pertinent factual allegations and the specific legal claims asserted against specific defendants; the court also provides guidance concerning the elements underlying the legal claims that plaintiff appears to be pursuing.

#### A. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Plaintiff's Complaint

1. Plaintiff's Allegations

In his original complaint, plaintiff alleges that unidentified correctional staff at Pleasant Valley State Prison ( plaintiff's prior place of incarceration) failed to protect plaintiff from excessive physical force by three correctional officers, by "failing to stop plaintiff being kicked punched and carried by . . . handcuffs behind plaintiff's back, and dragging plaintiff breaking plaintiff's arm and damaging his ribs." (sic) ECF No. 1 at 3. Following this incident, the complaint alleges that unidentified medical and correctional staff at Mule Creek State Prison (plaintiff's current place of incarceration) denied plaintiff medical treatment for his injuries and pain, and continue to deny plaintiff appropriate medical care. Id. at 3-4. The complaint also asserts that plaintiff "is being retaliated against for asserting his rights in this matter on a daily basis." Id. at 4.

2. Screening

In general, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to identify any cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to all defendants of the legal claims against them, by plainly and succinctly identifying the factual allegations that support the elements of each legal claim against each defendant. Jones v. Community Redevelopment

///

1  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Simply put, plaintiff must clearly identify the
2  allegedly unconstitutional conduct of each defendant.

3  Plaintiff must specifically identify each defendant.  The use of "Doe" defendants is not
4  favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).
5  Because plaintiff has identified only Doe defendants, all defendants must be must be dismissed
6  without prejudice.  In an amended complaint, plaintiff must name at least one defendant.  If
7  plaintiff later learns the identity of a Doe defendant through discovery or other means, he may
8  move to file a further amended complaint to add the newly-named defendant.  Brass v. County of
9  Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); see also Wakefield v. Thompson, 177 F.3d
10  1160, 1163 (9th Cir. 1999).

11  When identifying the defendants in this action, plaintiff is informed that supervisory
12  officials may not be held liable for the actions of their subordinates on any theory of vicarious
13  liability.  A supervisor may be liable based only on "(1) his or her personal involvement in the
14  constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful
15  conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989)
16  (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).  Thus, "[a]lthough there is no
17  pure respondeat superior liability under § 1983, a supervisor is liable for the acts of his
18  subordinates 'if the supervisor participated in or directed the violations, or knew of the violations
19  [of subordinates] and failed to act to prevent them.'"  Preschooler II v. Clark County School Bd.
20  of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045
21  (9th Cir. 1989)).  Additionally, "[s]upervisory liability exists even without overt personal
22  participation in the offensive act if supervisory officials implement a policy so deficient that the
23  policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
24  constitutional violation.'"  Thompkins, 828 F.2d at 304 (quoted with approval in Hansen,
25  885 F.2d at 646).

26  Additional problems beset the complaint because it challenges matters at two different
27  correctional institutions.  Rule 18, Federal Rules of Civil Procedure, precludes the inclusion of
28  ///

unrelated claims against different defendants in a single pleading.  Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless commonality and same transaction requirements are satisfied).

For these reasons, plaintiff must consider whether his claims against correctional and/or medical staff at Pleasant Valley State Prison and Mule Creek State Prison should proceed in separate suits.  This consideration should include an assessment whether plaintiff exhausted his administrative remedies at each institution against each defendant.[1]

More specifically, plaintiff is informed of the following requirements for stating cognizable claims for excessive force, failure to protect, deliberate indifference to serious medical needs, and retaliation.  Plaintiff may rely on these standards to challenge the specific conduct of specific defendants.

Excessive Force:  "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied

---

[1] Plaintiff broadly alleges that he exhausted hi claims but that his administrative appeals were thrown away and stolen.  See ECF No. 1 at 2.  However, plaintiff should anticipate that defendants will move to dismiss any claim alleged in an amended complaint that plaintiff failed to exhaust through the prison grievance system.  Plaintiff can obtain review of the documents in his Central File to determine which of his claims have been administratively exhausted.

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

"The extent of injury may ... provide some indication of the amount of force applied.... [N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. [¶] Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 37-8 (citations and internal quotation marks omitted).

<u>Failure to Protect</u>: A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). Under an Eighth Amendment failure to protect claim, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ...

///

and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842 (citations omitted).

<u>Deliberate Indifference To Serious Medical Needs</u>:  The Ninth Circuit has provided the following summary of the standards for stating a cognizable Eighth Amendment claim premised on the alleged deliberate indifference to serious medical needs:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).  To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard [ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

<u>Retaliation</u>:  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  At the pleading stage, the "chilling" requirement is met if the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 568 (quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).  However, direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights.  Rhodes, at 568 n.11.  "[A] plaintiff who fails to

1   allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a

2   retaliatory adverse action. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes,

3   408 F.3d at 568, n.11).

4         The plaintiff need not prove that the alleged retaliatory action, in itself, violated a

5   constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim,

6   plaintiff need not "establish an independent constitutional interest" was violated); see also

7   Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation

8   based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (transfer of

9   prisoner to a different prison constituted adverse action for purposes of retaliation claim).  Rather,

10  the interest asserted in a retaliation claim is the right to be free of conditions that would not have

11  been imposed but for the alleged retaliatory motive.  Filing administrative grievances and

12  initiating litigation are protected activities, and it is impermissible for prison officials to retaliate

13  against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567-68.

14      IV.    Leave to File an Amended Complaint

15        For the reasons set forth above, this court finds that plaintiff's complaint must be

16  dismissed for failure to state a cognizable claim.  28 U.S.C. § 1915A.  However, plaintiff will be

17  granted leave to file an amended complaint.  If plaintiff chooses to file a First Amended

18  Complaint (FAC), the complaint must allege in specific terms how each named defendant

19  allegedly violated plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

20  There can be no liability under Section 1983 unless there is some affirmative link or connection

21  between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164,

22  167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

24  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25        Local Rule 220 requires that an amended complaint be complete in itself without

26  reference to any prior pleading.  An amended complaint supersedes the original complaint. See

27  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, each claim

28  and the involvement of each defendant must be sufficiently alleged.

V.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 6, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file an amended complaint.

4. Within thirty days after the filing date of this order, plaintiff may file an amended complaint that complies with the requirements set forth herein; the amended complaint must bear the docket number assigned this case and be labeled "First Amended Complaint."

5. The Clerk of Court is directed to send plaintiff, together with service of this order, the following: (1) a blank form used by prisoners in this district for pursuing a civil rights action; and (2) in light of plaintiff's allegations that all of this legal materials in this action have been seized, see ECF No. 7, a copy of plaintiff's original complaint filed September 29, 2014, ECF No. 1.

6. Failure of plaintiff to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: May 15, 2015.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE